ALEXANDER M'GREGOR *v.* ELLEN BROWN ET AL.

SAME *v.* SUSANNA REMARGINGE.

**Boundaries—Plat—Purchasers of Lots.**

The purchasers of the lots from the parties who made out and recorded the plat, are bound by the plat, in the absence of a showing that the plat does not correctly describe the lots, streets and alleys.

APPEAL FROM KENTON CIRCUIT COURT.

March 17, 1874.

OPINION BY JUDGE LINDSAY:

The conveyances under which the parties claim title describe their lots by the numbers, respectively, as shown on the plat of West Covington, made out and recorded by "Gibson Wright, Vonzarts Haymon, Whittaker, Curds & Mitchell." An accurate copy of this plat is now before us.

The purchasers of the lots from the parties who made out and recorded this plat, are bound by it as to all questions of boundary, unless it can be affirmatively shown that it does not correctly describe the lots, streets and alleys, as actually laid out and marked on the ground, or that the plan of the addition to the town was changed before the parties litigant, or those under whom they claim title, had acquired rights.

The proof in the record wholly fails to make out a mistake in the plat as to the lots owned by the parties to this litigation; and there is no pretense that the plan was ever changed with the concurrence of all the parties in interest.

If any considerable portion of the lots on High Street, to the left of Hagerman Street, were shown to be inclosed or built upon the location of the street as recognized by the property owners, this fact would be entitled to great weight in determining whether or not the recorded plat was correct; but there is no evidence conducing to show that any number of these lots have been built on or enclosed.

In such a state of case the plat must control. As the record now stands, appellant made out his case, and the court erred in dismissing his petition. Judgment reversed and cause remanded for new trial.

*Stevenson, Myers, for appellant.*

*Carlisle, Foote, for appellees.*